# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC GREENE, | CASE NO. 1:11-cv-00860-BAM PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| FERNANDO GONZALES, | (ECF No. 1) |
| Defendant. | THIRTY-DAY DEADLINE |
| _____/ | |

**I.     Screening Requirement**

Plaintiff Cedric Greene ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court is the complaint, filed May 26, 2011.  (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.   Discussion

### A.   Allegations in Complaint

Plaintiff states he was in custody at Defendant Gonzales' facility and was scheduled to be paroled on December 29, 2008. Plaintiff was not released until January 19, 2009. Plaintiff claims that he was detained an additional twenty one days, and Defendant Gonzales did not provide notice of the change in his parole date. Plaintiff brings this action against Defendant Gonzales for false imprisonment and seeks $25,000 in damages.

For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### B.   Deliberate Indifference

To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d

1    1144, 1150 (9th Cir. 2010) (citations omitted).  Detention beyond the termination of a prisoner's

2    sentence can violate the cruel and unusual punishment clause of the Eighth Amendment if prison

3    officials were deliberately indifferent.  Haygood v. Younger, 769 F.2d 1350, 1355 (9th Cir. 1985).

4         Deliberate indifference requires a showing that "prison officials were aware of a "substantial

5    risk of serious harm" to an inmates health or safety and that there was no "reasonable justification

6    for the deprivation, in spite of that risk."  Thomas, 611 F.3d at 1150 (quoting Farmer v. Brennan, 511

7    U.S. 825, 837, 844 (1994)).  The circumstances, nature, and duration of the deprivations are critical

8    in determining whether the conditions complained of are grave enough to form the basis of a viable

9    Eighth Amendment claim."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

10        Based upon the allegations in the complaint, Plaintiff's release date was changed by the

11   Board of Parole, and Plaintiff was not notified of the change.  Plaintiff has not set forth factual

12   allegations to show that Defendant Gonzales was aware that Plaintiff was detained beyond the

13   termination of his sentence and failed to release Plaintiff.  Haygood, 769 F.2d at 1354.

14        **C.    Due Process**

15        The Due Process Clause protects against the deprivation of liberty without due process of

16   law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005).  In order to state a cause

17   of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which

18   the protection is sought.  Id.  The Due Process Clause does not confer a liberty interest in freedom

19   from state action taken within a prisoner's imposed sentence.  Sandin v. Conner, 515 U.S. 472, 480,

20   115 S. Ct. 2293, 2298 (1995).

21        California prisoners "have a cognizable liberty interest in release on parole."  McQuillion v.

22   Duncan, 306 F.3d 895, 901 (9th Cir. 2002) (overruled on other grounds by Swarthout v. Cooke, __

23   U.S. __, 131 S. Ct. 859, 861-62 (2011)).  However, "[t]here is no right under the United States

24   Constitution to be conditionally released before the expiration of a valid sentence."  Cooke, 131 S.

25   Ct. at 862.

26        In a case where a prisoner has been unlawfully detained, the court must determine if the

27   detention was the result of a "random act" or "an official practice and procedure."  Haygood, 769

28   F.2d at 1359.  Where the wrongful detention is the result of "affirmatively enacted or de facto

3

1  policies, practices or customs, the court must determine when the responsible state officials received

2  notice of a claim that a wrong was being done." Id.  However, if the detention was a result of a

3  negligent act by an official then the Due Process Clause is not implicated. Daniels v. Williams, 474

4  U.S. 327, 328, 106 S. Ct. 662, 663 (1986).  If the act of a defendant is merely negligent it would not

5  rise to a constitutional violation and any potential remedy would lie in State law. Id. at 333.  Plaintiff

6  has failed to allege facts that would state a claim based upon an "official practice or procedure" that

7  caused the deprivation of his liberty interest.

8         **C.     False Imprisonment**

9         Plaintiff alleges a claim for false imprisonment.  False imprisonment is not a constitutional

10  claim even though Plaintiff's detention was due to the actions of a state actor. Haygood, 769 F.2d

11  at 1359.  Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original

12  jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action

13  within such original jurisdiction that they form part of the same case or controversy under Article

14  III. . . ."  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over

15  state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000

16  (9th Cir. 1997).  If Plaintiff amends his complaint and states a claim over which this court has

17  original jurisdiction, the Court may exercise supplemental jurisdiction over the state law claim.

18         The California Tort Claims Act[1] requires that a tort claim against a public entity or its

19  employees be presented to the California Victim Compensation and Government Claims Board,

20  formerly known as the State Board of Control, no more than six months after the cause of action

21  accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010).  Presentation of a

22  written claim, and action on or rejection of the claim are conditions precedent to suit. State v.

23  Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified

24  School District, 42 Cal.4th 201, 209 (2007).  To state a tort claim against a public employee, a

25  plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6;

26

27         [1]The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's
   Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given
28  that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government
   Claims Act as the California Tort Claims Act in an effort to avoid confusion.

Bodde, 90 P.3d at 123.  If Plaintiff chooses to amend his complaint, he will need to allege facts sufficient to show he has complied with the requirements of the California Tort Claim Act.

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)).  "[T]he elements of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief."  Blaxland v. Commonwealth Dir. of Pub. Prosecutions, 323 F.3d 1198, 1205 (9th Cir. 2003) (quoting Easton v. Sutter Coast Hosp., 80 Cal.App.4th 484, 496 (2000) (citation omitted); Lyons v. Fire Ins. Exchange, 161 Cal.App.4th 880, 888 (2008) (citations omitted).

A claim for false imprisonment can be based upon prolonged detention "if a person is deprived of his liberty after his jail term ends."  Martinez v. City of Los Angeles, 141 F.3d 1373, 1380 (9th Cir. 1998) (citing Sullivan v. County of Los Angeles, 12 Cal.3d 710, 715 (1974)).  A prison official may be liable for false imprisonment if he knows the imprisonment is unlawful or is put on notice sufficient to require investigation into the validity of the imprisonment.  Martinez, 141 F.3d at 1380.

**D.    Supervisory Liability**

Plaintiff brings this action against Defendant Gonzales based upon his position at the prison. Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*.  Iqbal, 129 S. Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

**III.    Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the

1   nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507

2   F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

3          Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

4   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

5   <u>Iqbal</u>, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the

6   duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

7   caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). Although

8   accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

9   speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

10          Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>,

11   114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must

12   be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All

13   causes of action alleged in an original complaint which are not alleged in an amended complaint are

14   waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th

15   Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

16          Based on the foregoing, it is HEREBY ORDERED that:

17          1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

18          2.      Plaintiff's complaint, filed May 26, 2011, is dismissed for failure to state a claim

19                  upon which relief may be granted under section 1983;

20          3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

21                  amended complaint; and

22          4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

23                  action will be dismissed, with prejudice, for failure to state a claim.

24      IT IS SO ORDERED.

25   **Dated:   April 23, 2012**            **/s/ Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE

26

27

28

                                            6