1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    CEDRIC GREENE,               CASE NO. 1:11-cv-00860-BAM PC

10              Plaintiff,        ORDER DISMISSING COMPLAINT, WITH

11      v.                        LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM

12    FERNANDO GONZALES,        (ECF No. 1)

13             Defendant.       THIRTY-DAY DEADLINE

14

15    **I.**      **Screening Requirement**

16        Plaintiff Cedric Greene ("Plaintiff") is a former state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court is the

18   complaint, filed May 26, 2011.  (ECF No. 1.)

19        The Court is required to screen complaints brought by prisoners seeking relief against a

20   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

23   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

24        In determining whether a complaint states a claim, the Court looks to the pleading standard

25   under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

26   plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

27   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

28   demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v.*

1   Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

2   544, 555, 127 S. Ct. 1955 (2007)).

3   Under section 1983, Plaintiff must demonstrate that each defendant personally participated

4   in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

5   the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

6   at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

7   pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

8   between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

9   Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

10  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

11  S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

13  **II.   Discussion**

14       **A.   Allegations in Complaint**

15  Plaintiff states he was in custody at Defendant Gonzales' facility and was scheduled to be

16  paroled on December 29, 2008. Plaintiff was not released until January 19, 2009. Plaintiff claims

17  that he was detained an additional twenty one days, and Defendant Gonzales did not provide notice

18  of the change in his parole date. Plaintiff brings this action against Defendant Gonzales for false

19  imprisonment and seeks $25,000 in damages.

20  For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief.

21  Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies

22  described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff

23  with the legal standards that appear to apply to his claims. Plaintiff should carefully review the

24  standards and amend only those claims that he believes, in good faith, are cognizable.

25       **B.   Deliberate Indifference**

26  To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he

27  was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation

28  occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d

1144, 1150 (9th Cir. 2010) (citations omitted).  Detention beyond the termination of a prisoner's

sentence can violate the cruel and unusual punishment clause of the Eighth Amendment if prison

officials were deliberately indifferent.  Haygood v. Younger, 769 F.2d 1350, 1355 (9th Cir. 1985).

Deliberate indifference requires a showing that "prison officials were aware of a "substantial

risk of serious harm" to an inmates health or safety and that there was no "reasonable justification

for the deprivation, in spite of that risk." Thomas, 611 F.3d at 1150 (quoting Farmer v. Brennan, 511

U.S. 825, 837, 844 (1994)).  The circumstances, nature, and duration of the deprivations are critical

in determining whether the conditions complained of are grave enough to form the basis of a viable

Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Based upon the allegations in the complaint, Plaintiff's release date was changed by the

Board of Parole, and Plaintiff was not notified of the change.  Plaintiff has not set forth factual

allegations to show that Defendant Gonzales was aware that Plaintiff was detained beyond the

termination of his sentence and failed to release Plaintiff.  Haygood, 769 F.2d at 1354.

**C.**   **Due Process**

The Due Process Clause protects against the deprivation of liberty without due process of

law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005).  In order to state a cause

of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which

the protection is sought.  Id.  The Due Process Clause does not confer a liberty interest in freedom

from state action taken within a prisoner's imposed sentence.  Sandin v. Conner, 515 U.S. 472, 480,

115 S. Ct. 2293, 2298 (1995).

California prisoners "have a cognizable liberty interest in release on parole." McQuillion v.

Duncan, 306 F.3d 895, 901 (9th Cir. 2002) (overruled on other grounds by Swarthout v. Cooke, __

U.S. __, 131 S. Ct. 859, 861-62 (2011)).  However, "[t]here is no right under the United States

Constitution to be conditionally released before the expiration of a valid sentence." Cooke, 131 S.

Ct. at 862.

In a case where a prisoner has been unlawfully detained, the court must determine if the

detention was the result of a "random act" or "an official practice and procedure." Haygood, 769

F.2d at 1359.  Where the wrongful detention is the result of "affirmatively enacted or de facto

policies, practices or customs, the court must determine when the responsible state officials received notice of a claim that a wrong was being done." Id.  However, if the detention was a result of a negligent act by an official then the Due Process Clause is not implicated. Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663 (1986).  If the act of a defendant is merely negligent it would not rise to a constitutional violation and any potential remedy would lie in State law. Id. at 333.  Plaintiff has failed to allege facts that would state a claim based upon an "official practice or procedure" that caused the deprivation of his liberty interest.

## C. **False Imprisonment**

Plaintiff alleges a claim for false imprisonment.  False imprisonment is not a constitutional claim even though Plaintiff's detention was due to the actions of a state actor. Haygood, 769 F.2d at 1359.  Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. . . ."  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).  If Plaintiff amends his complaint and states a claim over which this court has original jurisdiction, the Court may exercise supplemental jurisdiction over the state law claim.

The California Tort Claims Act[1] requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007).  To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6;

---

[1] The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

1  Bodde, 90 P.3d at 123.  If Plaintiff chooses to amend his complaint, he will need to allege facts

2  sufficient to show he has complied with the requirements of the California Tort Claim Act.

3          Under California law, false imprisonment is the "'unlawful violation of the personal liberty

4  of another.'"  Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari

5  v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)).  "[T]he elements of false imprisonment are: (1)

6  the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an

7  appreciable period of time, however brief."  Blaxland v. Commonwealth Dir. of Pub. Prosecutions,

8  323 F.3d 1198, 1205 (9th Cir. 2003) (quoting Easton v. Sutter Coast Hosp., 80 Cal.App.4th 484, 496

9  (2000) (citation omitted); Lyons v. Fire Ins. Exchange, 161 Cal.App.4th 880, 888 (2008) (citations

10  omitted).

11          A claim for false imprisonment can be based upon prolonged detention "if a person is

12  deprived of his liberty after his jail term ends."  Martinez v. City of Los Angeles, 141 F.3d 1373,

13  1380 (9th Cir. 1998) (citing Sullivan v. County of Los Angeles, 12 Cal.3d 710, 715 (1974)).  A

14  prison official may be liable for false imprisonment if he knows the imprisonment is unlawful or is

15  put on notice sufficient to require investigation into the validity of the imprisonment.  Martinez, 141

16  F.3d at 1380.

17          **D.      Supervisory Liability**

18          Plaintiff brings this action against Defendant Gonzales based upon his position at the prison.

19  Government officials may not be held liable for the actions of their subordinates under a theory of

20  *respondeat superior*.  Iqbal, 129 S. Ct. at 1948.  Since a government official cannot be held liable

21  under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has

22  violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state

23  a claim for relief under section 1983, Plaintiff must link each named defendant with some

24  affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

25  **III.   Conclusion and Order**

26          For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

27  a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within

28  thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the

nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Iqbal</u>, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Plaintiff's complaint, filed May 26, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **April 23, 2012**           **/s/ Barbara A. McAuliffe**
                    UNITED STATES MAGISTRATE JUDGE